United States District Court
Southern District of Texas
**ENTERED**
July 06, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR JAVIER TORRES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-0673 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging his 2011 conviction and life sentence for capital murder. Respondent filed a motion for summary judgment predicated on failure to exhaust (Docket Entry No. 11), to which petitioner filed a response in opposition (Docket Entry No. 15).

Having considered the motion, the response, the record, matters of public record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of capital murder in Harris County, Texas, and sentenced to life imprisonment without parole on August 15, 2011. The conviction was affirmed on appeal, *State v. Torres*, No. 14-11-00698-CR, 2012 WL 3135536 (Tex. App. — Houston [14th Dist.] Aug. 2, 2012, no pet.). The Texas Court of Criminal Appeals granted petitioner an extension of time until November 11, 2012, to file a petition for discretionary review, but

no petition was filed. Petitioner did not file an application for state habeas relief prior to filing the instant federal habeas lawsuit.

Petitioner raises the following claims in his federal habeas petition:

1. He was denied due process because the court record was falsified to hide that the judge instructed the venire panel that if he did not testify, he was guilty; pages were added to the jury instructions; and the indictment was edited.

2. The trial records have been replaced to cover up the fact that he is actually innocent, and he was wrongly convicted based on an erroneous jury instruction.

3. He was denied effective assistance of trial counsel and the real trial transcript has been edited to add in objections that were never made by his trial counsel.

4. He was denied due process by the State appellate courts because they failed to tell him the proper way to file an application for state habeas relief and failed to provide him the "real" record or allow him to compare the audiotape record with the transcription.

## II. ANALYSIS

Petitioner's federal habeas claims are two-fold: he challenges the validity of his conviction predicated on a fabricated and altered trial record, and he complains of adverse state court non-habeas procedural rulings regarding the trial court record.

Petitioner complains that the state courts refused to correct purported fabrications and alterations in the trial court record, refused to provide him the original trial audiotape, and failed to tell him how to file a proper application for state habeas relief. These are matters of state law that are challenges to the state court proceedings and not to the conviction itself,

and raise no cognizable federal habeas claims. Regardless, petitioner proffers no probative summary judgment evidence establishing any alleged infirmities in the trial record, nor are his claims supported in the record itself. Petitioner's conclusory assertions that the state trial judge fabricated or altered portions of the state court record provide no basis for federal habeas relief in this instance.

Regardless, petitioner has not exhausted his federal habeas claims through the Texas Court of Criminal Appeals. Under 28 U.S.C. Section 2254(b)(1)(A), a state prisoner's application for a federal writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies. In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in Texas which has jurisdiction to review petitioner's conviction.

The state court record shows that petitioner did not file a petition for discretionary review following the intermediate state appellate court's decision affirming his conviction, and that he has not filed an application for state habeas relief. Petitioner has not exhausted his federal habeas challenges to his conviction, and has not established that state corrective processes are ineffective to protect his federal constitutional rights. 28 U.S.C. § 2254(b)(1)(B)(ii).

Respondent is entitled to summary judgment dismissal of petitioner's habeas claims for failure to exhaust.

## III.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.  Any and all pending motions are **DISMISSED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____ JUL 0 6 2022 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE